**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1859
_____

ANTONIA H. ROSARIO-ROSARIO,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
Respondent
_____

PETITION FOR REVIEW OF AN ORDER OF
THE BOARD OF IMMIGRATION APPEALS
(Agency No. A087-119-010)
Immigration Judge: Hon. Rosalind K. Malloy
_____

Submitted Under Third Circuit LAR 34.1(a)
March 5, 2015
_____

Before: SHWARTZ, SCIRICA, and ROTH, Circuit Judges.

(Filed: March 27, 2015)
_____

OPINION*
_____

SHWARTZ, Circuit Judge.

---

* This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Antonia H. Rosario-Rosario ("Petitioner") petitions for review of the decision of the Board of Immigration Appeals ("BIA") dismissing her appeal from an order of the Immigration Judge ("IJ") that sustained her removal and pretermitted her application for adjustment of status. For the reasons set forth herein, we will deny the petition.

I

Petitioner, a native and citizen of the Dominican Republic, applied for adjustment of status under the Immigration and Nationality Act ("INA"), seeking permanent U.S. residency under 8 U.S.C. § 1255(a).[1] U.S. Citizenship and Immigration Services ("USCIS") was unable to find any record of her entry or a visa application in her name, and it discovered that the identification number on the visa she submitted belonged to a visa issued to a Dominican man six months after she claims to have arrived in the United States. Concluding that the visa was fraudulent, USCIS denied Petitioner's application. Shortly thereafter, the Department of Homeland Security charged Petitioner with removability under 8 U.S.C. § 1182(a)(6)(A)(i) as an alien present in but not lawfully admitted to the United States.

---

[1] This provision provides, in relevant part:

> The status of an alien who was inspected and admitted or paroled into the United States . . . may be adjusted by the Attorney General, in his discretion and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence if (1) the alien makes an application for such adjustment, (2) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and (3) an immigrant visa is immediately available to him at the time his application is filed.

8 U.S.C. § 1255(a).

Petitioner claimed she had been lawfully admitted. In an affidavit, she explained that she worked in the Dominican Republic as a housekeeper and that her employer asked her to travel with him to the United States for work. She agreed and paid him to obtain a visa for her. She claims he obtained a visa that she believed was valid, and that they flew to Miami with several co-workers on "Panan airlines" on June 25, 2000. A.R. 348. According to her affidavit, a U.S. official waved them through customs and, afterwards, her employer gave her a stamped passport and I-94 arrival card. The employer then escorted her to a motel. She states that he left the next morning, and she never saw him again.

Petitioner also testified about her entry. Reviewing the oral and written testimony together, along with documentary evidence, the IJ identified several inconsistencies in her story related to: (1) the airline on which she flew;[2] (2) the number of co-workers with whom she travelled; (3) when she first saw the I-94; and (4) her employer's interaction with customs officials at the airport. The IJ also found that Petitioner failed to provide any evidence that she had in fact flown to the United States "on any airline," such as a receipt, boarding pass, or affidavit from a fellow traveler.[3] A.R. 60.

---

[2] Petitioner indicated in her affidavit that she flew "Panan airlines," A.R. 348, but then testified that she flew "Pan Am," A.R. 159. Both parties presented Wikipedia articles concerning when Pan Am operated. The IJ gave these articles little weight, and concluded that there was "no evidence" that Pan Am or any incarnation thereof operated flights from the Dominican Republic to the United States during the applicable timeframe. A.R. 59-60.

[3] Petitioner did offer a letter from "Jeandry Tours" indicating that she purchased a round-trip ticket from the Dominican Republic to the United States on "the Air line of Panan." A.R. 357. In concluding that she failed to provide evidence of her flight, the IJ discounted the importance of the tour company letter, finding it "[c]urious[]" that the

3

Citing these facts as well as the fraudulent visa, the IJ sustained Petitioner's removal and pretermitted her application for adjustment of status, finding that she could not "rely on any definitive piece of evidence to indicate that [Petitioner] entered the U.S. in the manner in which she claims to have entered." A.R. 61. Petitioner appealed to the BIA, which, citing the same reasons, affirmed the IJ's decision and dismissed the appeal. Petitioner then filed this petition for review.

II[4]

"When the BIA both adopts the findings of the IJ and discusses some of the bases of the IJ's decision, we have authority to review the decisions of both the IJ and the BIA." Chen v. Ashcroft, 376 F.3d 215, 222 (3d Cir. 2004). We will not disturb their findings of fact if "they are supported by substantial evidence from the record considered as a whole." Huang v. Att'y Gen., 620 F.3d 372, 379 (3d Cir. 2010). Under this "extraordinarily deferential" standard of review, Garcia v. Att'y Gen., 665 F.3d 496, 502 (3d Cir. 2011), "we will reverse based on factual error only if any reasonable fact-finder would be compelled to conclude otherwise." Huang, 620 F.3d at 379 (internal quotation marks and citation omitted); see also 8 U.S.C. § 1252(b)(4)(B). Similarly, "we must uphold the [adverse] credibility determination of the BIA or IJ . . . unless no reasonable person would have found [Petitioner] incredible." Chen, 376 F.3d at 222 (internal quotation marks and citations omitted).

_____

letter included the same typographical error with respect to the name of the airline as Petitioner's affidavit. A.R. 60.

[4] We exercise jurisdiction over the BIA's final order of removal under 8 U.S.C. § 1252(a)(1).

4

The IJ ordered Petitioner removed pursuant to 8 U.S.C. § 1182(a)(6)(A)(i) because she failed to show that she was admitted or paroled into the United States. In such a case, "the [Government] must first establish the alienage of the [alien]." 8 C.F.R. § 1240.8(c). After it has done so, the burden shifts to the alien to "demonstrate[] by clear and convincing evidence that he or she is lawfully in the United States pursuant to a prior admission." Id. Petitioner concedes that she is not a U.S. citizen or resident and thus admits her alienage, but argues that she "presented sufficient and credible evidence" of her entry into the United States, Pet'r Br. 8, 15, and that this entry was "procedurally regular" and therefore lawful under the INA, Pet'r Br. 8, 10-14.

The IJ and BIA considered her evidence and concluded that she had not established how, when, or where she entered the United States. The IJ identified numerous inconsistencies in Petitioner's account. Specifically, Petitioner stated in her affidavit that she travelled with "about four or five" others, A.R. 347, but she later testified that it was three, identifying each co-worker by name. Similarly, she stated in her affidavit that she "did not see [her employer] speaking to anyone" at the airport, A.R. 349, but later testified that the employer carried the group's passports to a customs official and engaged him in conversation. In addition, Petitioner claimed she flew to the United States via Pan Am on June 25, 2000, but the IJ concluded that she presented no credible evidence that she flew on Pan Am or any other airline on that date. These inconsistencies, taken together with the fact that the visa she claimed to have used to enter the United States bore the identification number of a visa issued to a Dominican man six months after her purported entry, provided the IJ and BIA with ample grounds to

5

conclude that Petitioner's account concerning how, when, and where she entered the United States was not credible.  Moreover, Petitioner fails to identify any evidence that the IJ or BIA overlooked or misapprehended or provide any reason why we should disturb the finding that she did not prove that she was admitted as required under 8 C.F.R. § 1240.8(c).

Because we cannot say that a reasonable fact-finder would be compelled to "reach factual findings contrary to those reached by the IJ," Garcia, 665 F.3d at 505, we uphold the conclusion that Petitioner did not demonstrate she was admitted into the United States[5] and hence is subject to removal.[6]  Accordingly, we will deny her petition for review.

---

[5] Because Petitioner did not show how she entered the United States, we need not address whether she did so in a "procedurally regular" way.

[6] We will also deny Petitioner's request that we review the decision concerning her application for adjustment of status.  Our jurisdiction to review a decision concerning adjustment of status is limited to reviewing constitutional claims or questions of law. 8 U.S.C. §1252(a)(2)(B)(i), (ii), & (a)(2)(D).  "Determination of eligibility for adjustment of status—unlike the granting of adjustment itself—is a purely legal question and does not implicate agency discretion."  Pinho v. Gonzales, 432 F.3d 193, 204 (3d Cir. 2005) (emphasis omitted).  To be eligible for adjustment of status, an alien must establish she was "inspected and admitted or paroled" into the United States.  8 U.S.C. § 1255(a). Because we defer to the IJ and BIA's factual conclusion that she did not prove how she entered the United States, Petitioner cannot show as a matter of law that she was "inspected and admitted or paroled," as required under § 1255(a), and hence the IJ and BIA correctly concluded that she is ineligible for adjustment of status.

6